DAVID E. CRAIG, ETC., v. JAMES HUDSON, ADM'R.

Principal and Surety—Discharge in Bankruptcy—New Promise—Misjoinder of Parties.

A joint action can not be maintained as against the sureties on a note and the principal on his promise to pay the note after his discharge in bankruptcy.

APPEAL FROM KENTON CIRCUIT COURT.

September 16, 1872.

OPINION BY JUDGE PRYOR:

If the appellant, Craig, was a competent witness for his sureties upon the note to Hudson prior to his discharge in bankruptcy, we are unable to perceive why he is incompetent after his discharge. The testimony of Craig in the present case would not have increased or lessened his liability, and if his promise to pay the debt after his release in bankruptcy makes him not only liable for the debts to Hudson's administrator, but to his sureties also, in the event they pay it, then he occupies the same attitude towards his sureties as he did before the release took place. His responsibility to the sureties and the plaintiff Hudson must be the same.

He has no interest in the issue between the sureties and Hudon's administrator. His discharge in bankruptcy released him from the debt unless a promise mas afterwards made to pay. If re leased by his bankruptcy, he is certainly competent, and if he is liable on the alleged promise to pay, his testimony for the sureties  can neither enlarge nor diminish this liability.

Craig was not a party to the issue made between the sureties on the notes and the appellee. He was therefore competent to testify upon the point for which he was called by the sureties. *Mllett v. Parker,* 2 Metcalfe, page 610. Civil Code Sec. 699. 670. Paragraph No. 1 of plaintiff's reply to the counterclaim of is defective nad the demurrer should have been sustained thereto.

The charge in the set-off of Craig is that the services were rendered by him for the administratrix and her response that she has no knowledge or information as to whether they were or not, is insufficient. She denies ever having employed Craig as attorney, but there is no denial that he rendered the services. If the appellant Craig is discharged from the note by his bankruptcy, the appellee can have no recovery as against him upon it, and if his promise afterwards made to pay the debt is relied on, the action must be on the promise and not on the original debt. In this case, however, the set-off of Craig presents a cause of action as agaist the appellee and although Craig may not be liable on the original debt still we can see why theprom- ise to pay may not be relied on in order to prevent a recovery (if the facts authorize it) by the appellant Craig on his set-off. The proper way to present it, however, is by an amended pleading and not by way of reply. If permitted to reply by setting forth other

causes of action against the defendants than those contained in the petition there would be no end to pleading and a reply to a reply would be made necessary. This character of pleading is not authorized by the code. The demurrer should have been sustained also to the second paragraph of the reply to the set-off of Craig, for the reason that there is no calse of action alleged, even if regarded in the light of an amended petition. To make such an amendment good it must contain all the allegations necessary in an original petition. Either party should be permitted to amend their pleadings, but the appellee should be required to prosecute the suit either on the original note or the new promise.

A joint action can not be maintained as against the sureties on the note and against Craig on his promise to pay. For the reasons indicated, the judgment of the Court below is reversed and the cause remanded with directions to award all the appellants a new trial and for further proceedings consistent with this opinion.

*J. M. Collins, for appellants.*

*Pryor, Chambers, for appellee.*

